**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 20-3579

———————————

RAFAEL MARTINEZ-GOMEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A206-766-902)
Immigration Judge: Shana W. Chen

———————————

Submitted Under Third Circuit L.A.R. 34.1(a):
September 21, 2021

———————————

Before: JORDAN, PORTER, and RENDELL,
*Circuit Judges*.

(Filed: September 23, 2021)

———————————

OPINION*

———————————

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge.*

Rafael Martinez-Gomez, a citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings. But his motion to reopen was untimely, and we lack jurisdiction to review an IJ's decision to decline to reopen proceedings sua sponte. So we will dismiss the petition for review.

I

Martinez-Gomez entered the United States unlawfully in May 2014 as a minor. He sought asylum, but U.S. Citizenship and Immigration Services rejected his claim. His case was then sent to the IJ for removal proceedings. Martinez-Gomez applied for asylum, withholding of removal, and protection under the Convention Against Torture. But on January 17, 2020, the IJ ordered Martinez-Gomez removed to Guatemala "at [his] request" since his applications were "withdrawn with prejudice." A.R. 66.

On April 20, 2020, Martinez-Gomez, through new counsel, sought to reopen his removal proceedings, alleging that his prior counsel rendered ineffective assistance. Martinez-Gomez claimed that his prior counsel withdrew his applications without his permission. Martinez-Gomez acknowledged that he failed to file his motion to reopen within the ninety-day period provided by 8 U.S.C. § 1229a(c)(7)(A), (C)(i). But he urged the IJ to exercise her sua sponte authority to reopen the proceedings notwithstanding the statutory deadline.

The IJ denied the motion to reopen. The IJ noted that the motion was untimely and declined to reopen proceedings sua sponte because of Martinez-Gomez's failure to

comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), for making an ineffective-assistance-of-counsel claim. Martinez-Gomez appealed to the BIA. The BIA affirmed the IJ's decision without opinion. Martinez-Gomez now petitions for review in this Court, urging us to reject the agency's denial of his motion to reopen.

II

The BIA summarily affirmed the IJ's decision under 8 C.F.R. § 1003.1(e)(4) (2021), so "we essentially review the IJ's decision as if it were the decision of the BIA." *Jishiashvili v. Att'y Gen.*, 402 F.3d 386, 391 (3d Cir. 2005). The BIA has jurisdiction under 8 C.F.R. § 1003.2 to consider a motion to reopen removal proceedings. *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).

"Motions to reopen are especially disfavored in deportation proceedings." *Id.* When an alien files an untimely motion to reopen, "the BIA retains discretion to reopen proceedings sua sponte." *Id.* at 164. "Because 'orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable,' we generally lack jurisdiction to review the BIA's decision on sua sponte reopening." *Id.* (quoting *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017)). We have recognized two exceptions. *Id.* "First, we may review the BIA's decision on a motion to reopen sua sponte when 'the BIA relies on an incorrect legal premise.'" *Id.* (quoting *Sang Goo Park*, 846 F.3d at 651). "Second, we may review such a decision when the BIA has constrained itself through 'settled practice to the point where an irrational departure from that practice might constitute abuse.'" *Id.* (quoting *Sang Goo Park*, 846 F.3d at 651–52).

3

We conclude that this petition must be dismissed for lack of jurisdiction. While Martinez-Gomez expresses disagreement with the agency's refusal to reopen his case, he fails to raise either exception to the jurisdictional bar that applies to challenges to an agency's denial of a motion to reopen sua sponte. Upon review, we are satisfied that the agency did not rely on an incorrect legal premise and did not depart from a settled course of adjudication in its handling of Martinez-Gomez's case. Therefore, we must leave its decision undisturbed.

*     *     *

For the foregoing reasons, we will dismiss the petition for review.

4